J-S42027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON KEY | : | |
| | : | |
| | : | No. 842 EDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-1101741-1996

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 22, 2024**

Appellant, Brandon Key, appeals *pro se* from the February 17, 2023 order of the Court of Common Pleas of Philadelphia County, which denied his second[1] petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background of the instant appeal are not at issue.  Briefly, a jury found Appellant guilty of one count each of second-degree murder, robbery and possessing an instrument of crime.  On July 21, 1998, Appellant was sentenced to life imprisonment for the second-degree murder conviction, and an aggregate concurrent sentence of ten to twenty years on the remaining charges.  Appellant's counsel failed to file a timely

---

[1] The pleading is docketed as a "subsequent" PCRA.  Upon review of the record, it appears to be a second PCRA petition.

direct appeal, but the trial court subsequently reinstated Appellant's direct appeal rights, *nunc pro tunc*.

On direct appeal, we vacated the sentence on the robbery conviction and remanded the case to the trial court for an evidentiary hearing on all but one of the nine ineffectiveness claims.[2]  ***See Commonwealth v. Key***, No. 1341 EDA 1999 (Pa. Super. filed July 12, 2000).  Following a hearing, the trial court denied the remaining ineffectiveness claims.  Appellant appealed, and we subsequently affirmed the judgment of sentence.  ***See Commonwealth v. Key***, No. 740 EDA 2001 (Pa. Super. filed Mar. 21, 2002).  Appellant's petition for allowance of appeal to our Supreme Court was denied on October 29, 2002.  ***See Commonwealth v. Key***, No. 140 EAL 2002.

On October 30, 2003, Appellant filed a timely *pro se* PCRA petition.  After appointing counsel, the PCRA court denied relief on October 10, 2006.  On appeal, Appellant raised several issues of ineffective assistance of appellate counsel.  ***See Commonwealth v. Key***, No. 3315 EDA 2006, unpublished memorandum (Pa. Super. filed Mar. 31, 2008).  We affirmed, concluding all of Appellant's issues were either waived or devoid of merit.  ***Id.***  Appellant's petition for allowance of appeal to our Supreme Court was denied on November 24, 2008.  ***See Commonwealth v. Key***, No. 368 EAL 2008.

---

[2] Prior to our Supreme Court's decision in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), claims of ineffective assistance of counsel were reviewable on direct appeal.

On July 31, 2019, Appellant filed the underlying *pro se* PCRA petition, arguing that trial counsel was ineffective for failing to adequately review discovery, and that appellate counsel was ineffective for failing to raise that claim. Additionally, Appellant reiterated claims of ineffective assistance of trial and appellate counsel that were previously raised. On December 30, 2022, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition as untimely pursuant to Pa.R.Crim.P. 907. The PCRA court formally dismissed Appellant's petition on February 17, 2023. This appeal followed.

On appeal, Appellant raises a single issue:

> Does The PCRA Court's Ruling Lack Support In The Record Where The Court Failed To Perceive That I Put Forth An As-Applied Constitutional Challenge To Imposition of The PCRA's Time-Bar To My Particular Circumstances, Which Is A Viable Form of Timeliness Argument?

**See** Appellant's Brief at 3. Simply stated, Appellant argues that the PCRA time-bar should not apply to his circumstances. He argues that his first PCRA was erroneously dismissed as "previously litigated". **See** Appellant's brief at 9-15.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **See, e.g., Commonwealth v. Albrecht**, 994 A.2d 1091 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

Here, the PCRA court found that the petition is untimely because Appellant failed to plead and prove an exception to the timeliness requirement. It did not address Appellant's as-applied constitutional challenge. All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless an exception applies. 42 Pa.C.S.A. § 9545(b)(1).[3] A judgment becomes final at the end of direct review or the expiration of time seeking direct review. 42 Pa.C.S.A. § 9545(b)(3).

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the substantive claims. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

---

[3] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

It is undisputed that the instant petition is facially untimely. We affirmed Appellant's judgment of sentence on March 21, 2002. Our Supreme Court denied review on October 29, 2002. Appellant did not seek further review. As a result, the judgment of sentence became final on January 27, 2003, at the expiration of the 90-day period to file review with the Supreme Court of the United States. Therefore, Appellant had one year – until January 27, 2004 – to file a timely PCRA petition. The instant petition was filed on July 31, 2019, more than fifteen years after the judgment became final.

Appellant admittedly does not plead an exception to the timeliness requirement. Rather, he argues that the timeliness requirement should not apply to his case. His argument is two-fold: (1) his first PCRA was erroneously dismissed as "previously litigated" because the court failed to follow precedent; and (2) due to the "error", Appellant was "forced" to file a second PCRA petition and it would be unconstitutional to apply the timeliness requirement. **See** Appellant's brief at 9-15.

Appellant primarily relies on a footnote in a concurring opinion of **Commonwealth v. Copenhefer**, 941 A.2d 646 (Pa. 2007) to support his argument. The footnote states: "[A] majority of the Court reaffirmed that the timing provisions of the PCRA are subject to as-applied constitutional challenges based on claims of unreasonable application." **Copenhefer**, 941 A.2d at 650 n. 1. It cites **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), which held that the timeliness requirement should not apply where a

direct appeal is not filed due to abandonment of counsel. **Bennett**, 930 A.2d at 1273. The Court explained:

> [A]llowing such claims to go forward would not eviscerate the time requirements crafted by the Legislature. Rather, subsection b(1)(ii) is a limited extension of the one-year time requirement under circumstance when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control.
>
> Furthermore, we believe that the Statutory Construction Act requires such a result. In addition to requiring us to interpret the language plainly, the Act requires that we employ the presumption that the General Assembly does not intend to violate the United States or Pennsylvania Constitutions, *see* 1 Pa.C.S. § 1922. While we have declared the PCRA to be constitutional generally, *see Peterkin*, **this does not mean that it is constitutional as applied to all petitioners**.

**Id.** (emphasis added). Ultimately, the **Bennett** Court held that an allegation of abandonment of counsel is sufficient to invoke the newly discovered fact exception to the timeliness requirement. **Id.** at 1276.

Post-conviction collateral relief is a guarantee of the Pennsylvania constitution, and not the federal constitution. **Id.** at 1273. As such, procedural due process requirements are less stringent than a criminal trial or direct appeal. **Id.** Due process requires that the post-conviction collateral relief process be fundamentally fair. **Id.** "Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." **Id.**

Appellant argues that the PCRA timeliness requirements are unconstitutional as applied to him because "[t]he Courts' [sic] failure to follow

precedent during proceedings for my 1st PCRA petition deprived me [due process and equal protection of the law]." *See* Appellant's Brief at 11. The precedents he believes were not followed are: *Commonwealth v. McGill*, 832 A.2d 1014 (Pa. 2003) (discussion on how to properly raise a layered claim of ineffective assistance of counsel); *Commonwealth v. Moore*, 860 A.2d 88 Pa. 2004) (distinction between "traditional" and "non-traditional" layered claims of ineffectiveness); and *Commonwealth v. Collins*, 888 A.2d 564 (Pa. 2005) (holding that claims of ineffectiveness are distinct issues and should be reviewed under the three-prong standard articulated in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)). He argues that applying the timeliness requirement to his second PCRA petition would not serve a legitimate purpose "because the state acts without legitimacy when it refused to correct its own errors that have cost a citizen constitutional rights." *Id.*

Appellant attempts to circumvent the PCRA's timeliness requirement by arguing that the statute is unconstitutional as applied to him because the courts failed to "follow precedent." We disagree. We know of no authority that permits a PCRA petitioner to evade the timeliness requirements of the PCRA by asserting a court's failure to "follow precedent." Even if there was, nothing in the record suggests any failure to "follow precedent" or any other irregularity.

A jury convicted Appellant of second-degree murder and related offenses. On direct appeal, we remanded the case for an evidentiary hearing

on Appellant's claims of ineffective assistance of trial counsel. The trial court reviewed these claims under the proper standard (**Pierce**) and denied relief. Subsequently this Court affirmed Appellant's judgment of sentence by holding that the trial court properly determined that trial counsel was not ineffective.

Appellant filed a timely PCRA petition arguing that appellate counsel on direct appeal was ineffective. The PCRA court denied relief due to lack of arguable merit, and we affirmed. Contrary to Appellant's claim in the present appeal, we did not affirm on the ground that the claims of ineffective assistance counsel were "previously litigated." Simply stated, our decision was: (1) Appellant raised a layered claim of ineffectiveness, which required Appellant to demonstrate that trial counsel was ineffective, and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness; and (2) since trial counsel was previously determined to be effective, appellate counsel was not ineffective for failing to challenge trial counsel's performance. Nothing in these proceedings suggests any failure by the courts to "follow precedent" or any error that entitles Appellant to circumvent the timeliness requirement.

In sum, Appellant's PCRA petition is facially untimely, and he fails to plead or prove any exception to the timeliness requirement. Nor does his claim of constitutional error have any substance. As a result, we conclude that Appellant's underlying petition is untimely, and we have no jurisdiction to entertain the merits.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/22/2024